**FILED**
MAR 23 2006
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
_____ DIVISION

James E. Thompson, Sr
    Plaintiff,

CIV 06-5027

vs.

Dakota Redi-Mix
Berkley Administrators,
Tri-State Insurance of Minnesota
Jerry Racketts    Defendant.

COMPLAINT

Bad Faith Action by Statute developed obligation of Insurer through Common Scheme

I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes ( )   No ( )

B. If your answer to "A" is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit:

Plaintiffs  Tri-State Insurance of Minne.; Dakota Redi-Mix and Berkley Administrators

Defendants  James E. Thompson, Sr

2. Court (if federal court, name the district; if state court, name the county) State of South Dakota, Department of Labor, Division of Labor and Management, Worker's Compensation.

3. Docket number HF No. 307, 1997/98

4. Name of Judge to whom case was assigned Randy S. Binger

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) dismissed and appealed to Sec. of Labor

6. Approximate date of filing lawsuit Dec/1997

7. Approximate date of disposition May 2000

(1)

II. PLACE OF PRESENT CONFINEMENT _not relevant, however the cause was appealed to State Secretary of Labor_

A. Is there a prisoner grievance procedure in this institution? Yes ( ) No ( )

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes ( ) No ( )

C. If your answer is yes,

  1. What steps did you take? _appealed as far as SD State Secretary of State._

  2. What was the result? _denied without hearing_

D. If your answer is no, explain why not _____

E. If there is no prison grievance procedure in the in the institution, did you complain to prison authorities? Yes ( ) No ( )

F. If you answer is yes,

  1. What steps did you take? _____

  2. What was the result? _____

III. PARTIES

In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of Plaintiff _James Edward Thompson, Jr._
   Address _P.O. Box 582, Sturgis, SD 57785_

In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment ion the third blank. Use item C for the names, positions, and places of employment of any additional defendants.

B. Name of Defendant _Tri-State Insurance of Minn_ who is employed as _Worker's Compensation Insurer_ at _Dakota Red-Mix worksites_

(2)

C. Additional Defendants Dakota Redi-Mix, 1002 Gillette, Wyoming; Berkley Administrators, PO Box 959, Pierre, SD; and Terry Pachetta, Esq., Sherman St. Deadwood, SD.

## IV. STATE OF CLAIM

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet(s) if necessary.

1. Workers Compensation is guaranteed through SD's annotated laws as such it is subject to all laws relating to civil and criminal, specifically rules of discovery and submission of evidence.

2. That all named defendants were in possession of specific evidence submitted to them for use in forming support and conspired and colluded to withhold such evidence from a State developed and controlled court denying Compensation.

— more on additional pages

## V. RELIEF

<u>State briefly exactly what you want the court to do for you.</u> Make no legal arguments. Cite no cases or statutes.

1. Cause back pay through 12-2-1997 with appropriate interest of 10% weekly until resolved.

2. Award punitive award of 3 times amount of #1 against Tri-State of Minnesota, Dakota Redi-Mix and Berkley Administrators, each and individually.

3. Hold Terry Pachetta, Esq. personally responsible for the amount found in #2 for deliberate and calculated inept representation.

4. Cause a review of Berkley Administrators for similar activity and if found rule that Tri-State of Minn. Ins. and Berkley Administrators should not have any immunities from prosecutions, if such are warranted.

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Signed and executed this 17 day of March, 2006.

_James E. Thompson, Jr._
Signature of Plaintiff

(9/96)

Statement of Facts - Plaintiff's Assertion

1. Plaintiff, Tim E. Thompson, was employed by Defendant, Dakota Redi-Mix, on a Federal Funded irrigation project in both 1996 and rehired in 1997;

2. Plaintiff was injured on the job and was removed from work for 3 days in 1996, such accident properly reported;

3. Plaintiff was injured again in Nov. 1997 and has not returned to work since Dec. 2, 97;

4. Plaintiff had spinal fusion in March 1998 which introduced bone into his spine to correct crushed, damaged vertebrae;

5. Such surgery, performed Dr. Larry Teuber failed leaving a curvature of the spine and forever disabling Plaintiff.

6. South Dakota Codified Laws define and develop Worker's Compensation, authorize a Labor Management Worker's Comp. Court, thus Due Process and Equal Protections are developed by SDCL 62 et sequence.

7. That Berkley Administrators, through its lawyers enacted a 'Common Scheme' to deprive Plaintiff of his just and statute developed compensation.

Statement   Page 1.

8. That Berkley Administrator's are based as a State representative of Tri-State Insurance of Minnesota, thus an interstate agency of the Insuror.

9. That on November 17, 1997, Tri-State of Minnesota, through Berkley Administrator's had in effect a Worker's Compensation issued, by a Contract, to Dakota Redi-Mix of Gillette, Wyo. Thus causing an interstate agreement.

10. That Plaintiff conformed to, and submitted to examinations and surgery completely, and all reports were submitted to the Berkley Administrators.

11. That Berkley Administrator's violated rights developed within the Worker's Compensation statutes from the onset through knowingly, deliberately manipulating unrelated facts to diminish it's liability.

12. That such acts continued through this cause, through collusion with Jerry Rachetto, Plaintiff's original attorney, fired for his ineptness, incompetence, failure to assert statutes through research and his open and apparent Collusion with Berkley Admin.

13. That on the date of Plaintiff's accident his wage was $11.61 per hour and he averaged 55 hrs. weekly which at ⅔rd's amounts to $425.70 wkly.

Statement Page 2

14. That Berkley Administrator's acted in "Bad Faith" and only compensated Plaintiff in the amount of $200.39 weekly, leaving a "Common Scheme" displacement of $225.31 weekly, such deliberate acts intended to deprive Plaintiff of statute mandated compensation and develop an unfair advantage in any settlement agreements. As well as unjustly compensate an inept, colluding counsel for Plaintiff by unfairly including an amount effectively doubling the colluded counsel, Jerry Rachetto.

15. That South Dakota certified laws state a penalty of 10% weekly for unpaid compensation is not a bar for punitive awards and is a consecutive penalty awarded weekly. As such amounts have grown to, now, astronomical amounts they need now to be addressed. Such penalty amassed from more than 420 wks of denial through "Common Scheme" and "Bad Faith".

16. That Plaintiff has had need a several surguries and medical devices, exams, testing and referrals directly related to the accident or the subsequent surgury and Berkley Administrators, Tri-State Ins. of Minnesota and Dakota RediMix refused.

Statement page 3

17. That Dakota Redimix and Berkley Administrators colluded to admit frivolous, misleading evidence to the State Court.

18. That Tri-State of Minnesota, through Berkley Administrators fulfill a statute developed obligation to give just compensation and are subject, through the 'quasi-judicial' state codes are required to submit all evidences submitted to the Court for review or notify Plaintiff of the cause for refusal. Through a common scheme and collusion such was not, thus denying Due Process, deliberately and knowingly.

19. Plaintiff is unemployed and unemployable; further, Tri-State, Berkley and DRM acted to deny retraining.

20. That DRM, Tri-State and Berkley have refused to acknowledge, repair and compensate for Plaintiff's broken neck and hearing and vision loss. Such through collusion and common scheme acting in Bad Faith.

21. DRM, Tri-State nor Berkley have never denied liability for the job ending accident.

22. Tri-State Insurance of Minnesota; Berkley Administrators; and Dakota Redi-Mix have acted deliberately, knowing, in common scheme to deny statute mandated compensation.

Statement page 4

23. That Tri-State, Berkley and DRM have records from: Dr. Larry Teuber, a spinal specialist, Dr. James Nabwangu, a spinal specialist, from Dr. James Alsteel, an internal organ surgeon, Dr. Charles Lewis, a Medical Dr. and each; a specialist in their own field have given consistent "No Work" slips to Plaintiff since 1997 through consecutive appointments and none have withdrawn such since Dec. 97.

24. That the Worker's Comp. Admin. Judge Singer based his decision only on assertions of the Berkley Administrators [Findings Exh. 1] The Dr. Anderson report was faulty and misleading, see. 9 through 13. Dr. Wayne Anderson's interpretation of Teuber, Nabwangu and Alsteel completely reverses what the specialists asserted and continue to assert.

25. That Berkley Administrators violated their statute derived fiduciary obligation to pay for medically induced needs resulting from the 1997 accident. [sect 18]

26. That Jerry Gravatt was "coached" to mislead the Court. Plaintiff lives 30 miles from any possible employment, Gravatt also knows Plaintiff to be a non-driver whose last driver's license expired in 1989 or 1990 thus not able to reasonably travel.

Statement page 5

27. Thus through Deliberate acts to violate the contracted insurance coverage and punish Plaintiff the listed defendants are each equally liable for their acts, and as such acts are commonplace and a common scheme enacted solely to deny Statute developed awards each is criminal and thus punitive awards are deserved.

28. That the State developed court violated it's own standards based upon prejudice, bias and the fact Plaintiff dismissed counsel. That the Court was bias is verified through transcripts of hearings. Further bias is introduced in #25, Exh.2 the Court finds the previous record of 3 felonies 2 of which were over 20 years prior and the fact that Plaintiff claims a religious right as a naturalist to smoke maryjane as grounds to enforce a knowing conspiracy and deny the Statute developed compensation.

Statement A